IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MARIO WAIR,

    Petitioner,

vs.                                                                          Docket No.: 14-CR-00248

UNITED STATES OF AMERICA

    Respondent.

_____/

## WAIR'S MEMORANDUM OF LAW AND SUPPORTING APPENDIX
## IN SUPPORT OF MOTION TO VACATE, AND/OR SET-ASIDE
## CONVICTION PURSUANT TO TITLE 28 U.S.C. § 2255

COMES NOW Mario Lamar Wair (hereinafter "Wair") with this his Memorandum of Law

and Supporting Appendix in support of Motion to Set Aside Conviction and Sentence pursuant to

Title 28 U.S.C. Section 2255 and in support provides as follows:

### SUMMARY OF THE PROCEDURAL HISTORY

1. Wair was charged in a six count second superseding indictment with counts one and two,

conspiracy to distribute and possess with intent to distribute cocaine and cocaine base in

violation of Title 21 U.S.C. § 846, 21 U.S.C. § 841(b)(1)(A), and distribution of cocaine and

cocaine base, all in violation of Title 21 U.S.C. § 841(a)(1) and 841(b)(1)(B).

2. On November 5, 2015, Wair was found guilty by a jury of both counts of the second

superseding indictment. The jury verdict determined that Wair had conspired to distribute 500

grams or more of cocaine and 280 grams or more of cocaine base. As to count two, the jury

found Wair distributed a detectable amount of cocaine and 28 grams or more of cocaine base.

3. On January 27, 2016, Wair received a sentence of 180 months as to both counts to be

served concurrently.

4.   Wair proceeded on appeal where his sentence and conviction was affirmed on

November 21, 2016. *United States v. Wair*, 666 F. App'x 250 (4th Cir 2016).

5.   The United States Supreme Court denied a writ of certiorari on March 20, 2017. *Wair*

*v. United States*, 137 S. Ct. 1360 (2017).

6.   This timely 28 U.S.C. § 2255 petition follows.

<u>ALLEGATION OF JURISDICTION</u>

This Court has jurisdiction to entertain, rule on the merits, and grant relief under Title 28

U.S.C. § 2255 and the principles of *Strickland v. Washington,* 466 U.S. 668, 80 L.Ed.2d 674, 104

S.Ct. 2052 (1984).

<u>STATEMENT AS TO WAIVER, CAUSE, AND PREJUDICE</u>

Wair did not raise any of these claims on direct appeal because the facts set forth in his §

2255 were and are material to the claim of ineffective assistance of counsel, but were not part of

the record for direct appeal.   "Cause" is therefore established for his failure to raise the claim

prior to this motion. *Ciak v. United States*,  59 F.3d 296, 303-304 (2nd Cir. 1995); *Bond v. United*

*States*, 1 F.3d 631 (7th Cir. 1994); *Stoia v. United States*, 22 F.3d 766 (7th Cir. 1994) (prisoner's

failure to raise ineffective assistance of counsel claim on direct appeal will result in forfeiture of

right to bring § 2255 motion only when claim is based entirely on trial record); *English v. United*

*States*, 42 F.3d 473, 481 (9th Cir. 1994)(holding that section 2255 claims are waived for failure to

raise them on direct appeal only if (1) a specific procedural rule required the defendant to raise

the issues on direct appeal or (2) the failure to raise the issues was a deliberate bypass of direct

review).   Even if the record on appeal is subsequently determined to have been sufficient to have

raised the instant claims of ineffective assistance of counsel, cause exists for the failure of Wair

2

to raise the claims prior to this motion because it reasonably appeared at the time of filing the appeal that new evidence might be necessary to support his claim.

Cause exists for the failure of Wair to raise the instant claims of ineffective assistance of counsel in his direct appeal because such claims should not be brought in direct appeal even if the record is or was sufficient to raise the claims. *United States v. Hardamon*, 188 F.3d 843 (7th Cir. 1999); *United States v. Galloway,* 56 F.3d 1239, 1240-43 (10th Cir. 1995) (en banc); *United States v. Tunstall,* 17 F.3d 245, 246 [4] (8th Cir. 1994).

Wair has properly pleaded "prejudice" by pleading the "fundamental defect" in his sentence, as set forth herein. *Ward v. United States*, 995 F.2d 1317, 1321 (6th Cir. 1993). "Prejudice" to Wair, within the meaning of *United States v. Frady*, 456 U.S. 152, (1982), as construed in case law such as *United States v. De La Fuente*, 8 F.3d 1333, 1336-37 (9th Cir. 1993) is established by the fact that absent relief by this Court, Wair sentence is in violation of the Constitution and laws of the United States. *Id*. *See also Isabel v. United States,* 980 F.2d 60, 64 (1st Cir. 1992) ("prejudice" established, for purpose of "procedural bypass question" where § 2255 movant's "sentencing range would be reduced" if successful on the claim).

Based on the foregoing, and the absence of any knowing and intelligent waiver by Wair of his right to bring this motion, this Court is not precluded by the "cause and prejudice" principle from entertaining, ruling on the merits, and granting the relief requested.

## JUDGMENT REQUESTED

Pursuant to Rule 5 of the Rules Governing Section 2255 Proceedings, Wair asks this Honorable Court to ORDER an evidentiary hearing where he can prove the allegations herein by: (A) his own testimony; (B) the testimony of Attorney Harry McKnett; (C) additional evidence; and (D) legal argument to be presented at the hearing.

3

Upon proof of Wair's allegations herein, he asks this Honorable Court 1) ORDER that

Wair's conviction be VACATED and that he be allowed to re-submit his plea of guilt in a

knowingly and intelligent manner wherein he is appraised of all the required facts necessary for

such a plea or; 2) that this Court GRANT an evidentiary hearing where the facts may be properly

developed on the record.

## THE STATEMENT OF THE FACTS

Detective Shane Lettau, from the Baltimore Police Department (BPD), testified that on

April 15, 2008, Wair was signed up as a confidential informant by Detective Charles Hagee.  At

the time, Hagee was deputized as a Drug Enforcement Agency (DEA) Task Force Officer.  In

2009, Wair was introduced to Agent Lettau who was becoming a member of the same DEA Task

Force just as Hagee.  The purpose of the introduction was to allow Hagee and Lettau to share

Wair's services as a confidential informant.

According to Lettau's trial testimony, the informant/agent relationship continued through

October 14, 2009, at which time Wair allegedly "fell off the radar."  Subsequently, Wair was

deactivated as a confidential informant on January 18, 2012.  Although, Lettau attempted to

locate Wair by checking the Central Booking or seeing if Wair had been arrested and by

checking several police databases for possible changes of address, he admitted that he never

proceeded to Wair's residence to look for him personally nor did he ask Hagee if he was aware

of Wair's location.  Wair was never informed that he had been deactivated as a confidential

informant.

Lettau did not hear again regarding Wair until October 4, 2014, when he received a call

from BPD Detective Kenny Ramburg that Wair had been arrested.  Wair was arrested after

being found in possession of crack cocaine.  On the day of his arrest, Wair advised Ramburg that

4

he was an informant for Lettau and Hagee. Lettau advised Ramburg, that Wair was deactivated and had not worked for them as a CI for over two years. Hagee, acknowledged that he had contact with Wair periodically over the years and as recently as late 2013 or as early as 2014, but claimed that Wair was not working for him as an informant during 2013 or 2014.

Wair's trial testimony was substantially different. Wair testified how he met Hagee in 2002 when Hagee arrested him and how in 2004 he agreed to become a confidential informant for Hagee so that he could be "free from the sentence" he received as a result of his 2002 arrest. Wair maintained "constant contact" with Hagee from 2004 onward. He confirmed that he formally signed up as an informant with Hagee in 2008 and subsequently also worked with Lettau, however, denied he stopped working with Hagee and Lettau in 2009. Instead, he testified in detail how he continued to work with Hagee up until the date of his arrest on February 4, 2014, and "beyond." He described in detail the nature of his relationship with Hagee and how they worked together during the entire period, further describing how Hagee would pay him for his efforts during this time. Wair confirmed that he was never aware that he had been activated from the Baltimore Police Department.

As part of the defense strategy, counsel, the Government and the Court all discussed Wair's intention to present a public authority defense. At the conclusion of the discussion, the Court indicated that unless Wair could establish that on February 4, 2014, he was acting in reliance of mutual authority bestowed upon him by Hagee, then the Court would instruct the jury to disregard Wair's belief that he was operating as a CI when he considered the charges against him.

Upon the close of the evidence, the Court decided that Wair had not established the

elements of the public authority defense and instructed the jury to disregard his claim. This

instruction was devastating to Wair's defense as the subsequent verdict of guilt establishes.

ARGUMENT

## I. THE CONVICTION OF WAIR IS VIOLATIVE OF HIS SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL

1) The Performance of Counsel for Wair Fell Below an Objective Standard of Reasonableness during the Pre-Trial and Trial Phase.

### a. Standard of Review-Ineffectiveness Prong

In *Strickland v. Washington*, 466 U.S. 668, 80 L.Ed.2d 674, 104 S.Ct. 2052 (1984), the

Supreme Court established a two prong test to govern ineffective assistance of counsel claims.

To obtain reversal of a conviction or to vacate a sentence based on ineffective assistance of

counsel the defendant must show: (1) that counsel's performance fell below an objective

standard of reasonableness; and (2) that there is a reasonable probability that, but for counsel's

objectively unreasonable performance, the result of the proceeding would have been different.

*Id.* 466 U.S. at 688-689; *Williams v. Taylor*, 120 S.Ct. 1495, 1512-16; 146 L.Ed.2d 389 (2000).

The Court stated that "judicial scrutiny of counsel's performance must be highly deferential"

and added that "a court must indulge a strong presumption that counsel's conduct falls within the

wide range of reasonable professional assistance." The Court clarified that this reference to

"highly deferential scrutiny"[1] referred only to the first or performance prong of the test and

meant that "... the defendant must overcome the presumption that, under the circumstances, the

---

[1] The Court stated that "factors which may actually have entered into counsel's selection of strategies and ... may thus affect the performance inquiry ... are irrelevant to the prejudice inquiry." *Strickland v., Washington*, 466 U.S. at 695.

challenged action 'might be considered sound trial strategy.'" *Id. Strickland v. Washington*, 466

U.S. at 689-691.

The Court added that,

"... strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation. In other words, counsel has a duty to make a reasonable and proper decision that makes particular investigations unnecessary." *Id*.

Two years after its *Strickland* decision, the Court reaffirmed that this portion of the decision

sets forth what test can be made in evaluating whether counsel was within the range of

"reasonable professional assistance", or fell below an objective standard of reasonableness.[2]

*Kimmelman v. Morrison*, 477 U.S. 365, 385-387, 91 L.Ed.2d 305, 106 S.Ct. 2574 (1986). *See*

*also*: *Williams v. Taylor,* 120 S.Ct. 1495, 1512-16, 146 L.Ed.2d 389 (2000).  The Supreme Court

noted that "a single, serious error may support a claim of ineffective assistance of counsel." *Id.*

*Kimmelman v. Morrison*, 477 U.S. at 384.

The Court added that this "single serious error" could cause counsel's performance to fall

"below the level of reasonable professional assistance", even where, "counsel's performance at

trial was "generally creditable enough", and even where counsel had made "vigorous cross-

examination, attempts to discredit witnesses, and [an] effort to establish a different version of the

facts." *Id*. 477 U.S. at 386.

The government argued, and the Court agreed that the determining factor was whether or not

counsel's "single serious error" or "failure" was the result of, or attributable to, a trial "strategy".

*Id.,* 477 U.S. 384-386; *Williams v. Taylor*, 120 S.Ct. 1495, 1512-16; 146 L.Ed.2d 389 (2000).

---

[2] This presupposes, for the instant argument, that the defendant provided counsel with complete and accurate information and did not place any restrictions on counsel's strategy. *Id*. *Strickland v Washington*,  466 U.S. at 691.

The Court then found that no "strategy" was involved in that case and that counsel's

performance thereby fell below the *Strickland v. Washington* objective standard because

counsel's failure was based "on counsel's mistaken beliefs" as to the laws governing discovery.

*Id.* 477 U.S. at 385.

The Supreme Court added:

"Viewing counsel's failure to conduct any discovery from his perspective at the time he decided to forego that stage of pretrial preparation and applying a 'heavy measure of deference', *ibid.,* to his judgment, we find counsel's decision unreasonable, that is, contrary to prevailing professional norms. The justification Morrison's attorney offered for his omission betray a startling ignorance of the law--or a weak attempt to shift blame for inadequate preparation. 'Counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary.' *Id.* Respondent's lawyer neither investigated nor made a reasonable decision not to investigate the State's case through discovery."

*Id. Kimmelman v. Morrison*, 477 U.S. at 385.

In other words, the Court determined that counsel's omissions were not part of any

"strategy" or trial tactic because they had not been taken after thorough investigation of the law

and facts relevant to all plausible options available to counsel. From this, the Court determined

that the omissions were professionally unreasonable and had caused counsel's performance to

fall below the objective standard of *Strickland*. *See Kimmelman v. Morrison*, 477 U.S. at 385-

387; *Williams v. Taylor,* 120 S.Ct. 1495, 1512-16; 146 L.Ed.2d 389 (2000). In short, no

deference is due to counsel's actions, and the performance of counsel falls below the *Strickland*

objective standard of reasonableness[3] if counsel's specific acts or omissions are not

demonstrably the result of actual strategic choices made between or among all plausible options

"after thorough investigation of law and facts relevant to all possible options." *Strickland,* 466

---

[3] For purposes of this portion of the *Strickland* analysis, the Court presumes that counsel's failures were at least potentially prejudicial to the defendant. *Kimmelman v. Morrison*, 477 U.S. at 365, 387, 390-91.

8

U.S. at 691; *Kimmelman v. Morrison*, 477 U.S. at 385-387; *Williams v. Taylor*, 120 S.Ct. 1495, 1512-16, 146 L.Ed.2d 389 (4-18-00).[4] Where a convicted defendant is making a claim of ineffective assistance of counsel, the defendant "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id. Strickland v. Washington*, 466 U.S. at 690.

If the record does not "conclusively" demonstrate "strategic reasons" for counsel's failures, the district court entertaining a motion under 28 USC § 2255 must hold an evidentiary hearing. [5] *A subsequent affidavit from counsel will not suffice to establish a trial strategy, nor absolve the district court from the requirement of holding an evidentiary hearing.* [6] In the instant case, Wair has made specific, sworn, factual allegations which this Court should accept as true for the purpose of considering whether to hold an evidentiary hearing because they are not conclusively disproved by the files and records of this case.

---

[4] The courts have decided that counsel's failure to consider or investigate laws and facts relevant to potentially viable defenses cannot be said to be the result of reasonable professional judgment, nor can it be termed "strategic" or "tactical' or "objectively reasonable", because "counsel can hardly be said to have made a strategic choice against pursuing a certain line of investigation when he has not yet obtained the facts on which such, a decision could be made." *Gray, supra*, 878 F.2d at 711 (citing *Strickland*, 466 U.S. at 690-91); *Holsomback v. White*, 133 F.3d 1382(11th Cir. 1998) (same); *Nichols v. United States*, 75 F.3d 1137 (7th Cir. 1996).

[5] *See United States v. Burrows*, 872 F.2d 915, 918-919 (9th Cir. 1989); *United States v. Briggs*, 939 F2d 222, 228 (5th Cir. 1991); *United States v. Estrada*, 849 F.2d 1304, 1306-1307 (1st Cir. 1988) and *Virgin Islands v. Weatherwax*, 20 F.3d 572, 573 (3rd Cir, 1994); *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994) (petitioner entitled to evidentiary hearing on claim of ineffective assistance of counsel unless claim inadequate on its face or if records conclusively refute factual assertions of claim); *United States v. Blaylock*, 20 F.3d 1458, 1465 (9th Cir. 1994)(evidentiary hearing required unless § 2255 motion, files, and trial record "conclusively show" petitioner entitled to no relief) and *Nichols v. United States*, 75 F.3d 1137 (7th Cir. 1996) (same).

[6] *See Smith v. McCormick*, 914 F.2d 1153, 1170 (9th Cir. 1990) and *United States v. Giardino*, 797 F.2d 30, 32 (1st Cir. 1986) and *Lindhorst v. United States*, 585 F.2d 361, 365 (8th Cir. 1978).

9

b. Standard of Review-Prejudice Prong

In writing for the majority in *Strickland v. Washington*, 466 U. S. 668, 80 L.Ed.2d 674, 104

S.Ct. 2052 (1984), Justice O'Connor stated the general rule that actual ineffectiveness claims

alleging a deficiency in attorney performance are subject to a general requirement that the

defendant affirmatively proves prejudice." *Id.* 466 U.S. at 693, 80 L.Ed.2d at 697.  More

specifically, Justice O'Connor set forth the now well known statement of the test for "prejudice"

in claims of actual ineffectiveness of counsel as:

"The defendant must show that there is a reasonable probability that, but for counsel's
unprofessional errors, the result of the proceeding would have been different. A reasonable
probability is a probability sufficient to undermine confidence in the outcome."

*Id.* 466 U.S. at 695, 80 L.Ed.2d at 698.

While the Court noted the government's, perhaps natural, inclination to argue that attorney

error is harmless unless the defendant can show that "counsel's deficient conduct more likely

than not altered the outcome of the case", [7] the Court specifically and explicitly rejected this

argument by the government.  In rejecting any outcome determinative test such as that employed

in Federal Rule of Criminal Procedure 33 analysis, the Court stated:

The result of a proceeding can be rendered unreliable, and hence the proceeding itself unfair,
even if the errors of counsel cannot be shown by a preponderance of the evidence to have
determined the outcome.

*Id. Strickland v. Washington,* 466 U.S. at 694; *Williams Taylor,* 120 S. Ct. 1495, 1519, (2000)

The Court further specifically rejected the application of the "actual prejudice" standard of

*United States v. Frady*, 456 U.S. 152, 71 L.Ed.2d 816, 102 S.Ct. 1584 (1982), to claims of

ineffective assistance of counsel, with the following admonishment:

---

[7]This, of course, means that the 'plain error" standard also does not apply to ineffective
assistance of counsel claims. *Id. See United States v. Olano*, 507 U.S. 725, 735 (1993) (plain
error "must be real and such that it probably influenced the verdict.")

10

"The principles governing ineffectiveness claims should apply in federal collateral proceedings as they do on direct appeal or in motions for a new trial. As indicated by the 'cause and prejudice' test for overcoming procedural waivers of claims of error, the presumption that a criminal judgment is final is at its strongest in collateral attacks on that judgment. *See United States v. Frady*, 456 U.S. 152, 162-169, 71 L.Ed.2d 816, 102 S.Ct. 1558 (1982). An ineffectiveness claim, however, as our articulation of the standards that govern decision of such claims makes clear, is an attack on the fundamental fairness of the proceedings whose result is challenged. Since fundamental fairness is the central concern of the writ of habeas corpus, *see id.* at 126, no special standards ought to apply to ineffectiveness claims made in habeas proceedings."

*Id. Strickland*, 466 U.S. at 697-98, 80 L.Ed.2d at 700.[8]

The Court hearing an ineffectiveness claim should consider the totality of the factors which

guided the decision maker in the challenged proceeding, then try to determine which factors

were or were not "affected" by counsel's errors.

"Taking the unaffected [factors] as a given, and taking due account of the effect of the errors on the remaining [factors] a court making the prejudice inquiry must ask if the defendant has met the burden of showing that the decision reached would reasonably likely have been different absent the errors."

*Id. Strickland v. Washington,* 466 U.S. at 696, 80 L.Ed2d at 699.

Where through "hindsight"[9] the Court can determine that, but for the errors of counsel, there

is a "reasonable probability" of a different outcome, a probability sufficient to "undermine

confidence" in the challenged proceedings, the defendant has affirmatively proved prejudice.

*Strickland*, 466 U.S. at 694-95; *United States v. Glover,* 121 S.Ct. 696 (2001); *Williams v*

*Taylor*, 120 S.Ct. 1495, 1512-16, 146 L.Ed.2d 389 (2000).[10]

---

[8] *See Kimmelman v. Morrison*, 477 U.S. at 375, 393 and [n.1] (demonstration of "a reasonable probability" that the verdict would have been different constitutes "actual prejudice" in claims of actual ineffective assistance of counsel); *Oshorn v. Shillinger*, 861 F.2d 612, 626 and [n.13] (10th Cir. 1988) (same); *Smith v. United States*, 871 F.Supp. 251, 255 (ED. Va. 1994) (same).

[9]*Lockhart v. Fretwell*, 122 L.Ed.2d at 189-91; *Mayo v. Henderson,* 13 F.3d 528, 534 (2nd Cir. 1994) (prejudice determination, unlike performance determination, may be made with benefit of hindsight")

[10] In *Williams v. Taylor,* 120 S.Ct. 1495, 1512-16, 146 L.Ed.2d 389 (4-18-00), the Supreme Court recently, explicitly, rejected the theory that *Lockhart v. Fretwell,* 506 U.S. 364, 373, 122

This rule is applicable to find "prejudice" where hindsight demonstrates that counsel's

constitutionally deficient performance deprived a federal criminal defendant of a consideration

for a favorable adjustment or downward departure under the United States Sentencing

Guidelines. *United States v. Glover*, 121 S.Ct. 696 (2001)(rejecting Court of Appeals' rule that

only a 'substantial' change in the application of sentencing guidelines constituted "prejudice"

within the meaning of *Strickland*). The *Strickland* test for "prejudice" is applicable to cases

where a criminal defendant is challenging his conviction or sentence due to actual ineffective

assistance of counsel, in the prosecution of his direct appeal, *Banks v. Reynolds*, 54 F.3d 1508

$(10^{th}$ Cir. 1995),[11] with the caveat that "prejudice" in this type of case is limited to the

"outcome" of the direct appeal. It does not require the defendant to demonstrate that he would be

"successful on remand"; only that there is a *reasonable probability* that he would have had his

conviction arid/or sentence vacated and/or remanded to the lower court. *United States v.*

*Mannino*, 212 F.3d 835 (2nd Cir. 2000). Based on the foregoing facts and law, Wair has

---

L.Ed.2d 180, 189, 113 S.Ct. 838 (1993) somehow modified *Strickland* "to require a separate
inquiry into fundamental fairness even when [petitioner] is able to show that his lawyer was
ineffective and that his ineffectiveness probably affected the outcome of the proceeding".
*Williams v. Taylor*, 120 S.Ct. 1495, 1512-116, 146 L.Ed.2d 339 (4-18-00). This construction of
*Lockhart v. Fretwell*, was specifically addressed and rejected by the Supreme Court in *Williams
v. Taylor*. The Supreme Court's holding in *Lockhart v. Fretwell*, was limited to circumstances
where a "different outcome" would be contrary to the law. *Id. See also: Mays v. Gibson,* (10th
Cir. 2000)(citing *Williams v. Taylor*, 120 S.Ct. 1495, 1512-16, 146 L.Ed.2d 389 (2000)); *Jackson
v. Calderon*, 2000 US App. LEXIS 9049 (9th Cir. 5-8-2000) (same).

[11] *See also United States v. Williamson,* 183 F.3d 458, 462 (5th Cir. 1999) (holding that counsel
was deficient because he did not "keep abreast of legal developments related to [Petitioner's]
case" which would have revealed a solid and meritorious appellate issue); *United States v.
Mannino*, 212 F.3d 835; 2000 U.S. App. LEXIS 10382 (2nd Cir. 2000); *Mayo v Henderson*, 13
F.3d 528 (2nd Cir. 1994); *Freeman v. Lane*, 962 F.2d 1252 (7th Cir. 1992); *Orazio v. Dugger*, 876
F.2d 1508 (11th Cir. 1989); *Matire v. Wainwright*, 811 F.2d 1430 (11th Cir. 1987); *Grady v.
Artuz*, 931 F.Supp. 1048 (S.D.N.Y. 1996); *Daniel v. Thigpen*, 742 F.Supp. 1535 (M.D. Ala.
1990).

affirmatively pleaded "prejudice" in his case within the meaning of *Strickland v. Washington*,

466 U.S. 668, 80 L.Ed.2d 674, 104 S.Ct. 2052 (1984) and *United Stases v. Glover*, 121 S.Ct. 692

(2001); *Williams v. Taylor*, 120 S.Ct. 1495, 1512-16, 146 L.Ed.2d 389 (4-18-00); *Freeman v.

Lane,* 962 F.2d 1252 (7th Cir. 1992) and *Orazio v. Dugger*, 876 F.2d 1508, 1513-14 (11th Cir.

1989).

## I. COUNSEL RENDERED INEFFECTIVE ASSISTANCE WHEN HE FAILED TO INEVESTIGATE THE CASE LAW REGARDING THE PUBLIC AUTHORITY DEFENSE

In preparation for trial, counsel advised Wair that since he was a confidential informant and

was working under the authority of Agent Hagee, that he could present a Public Authority

defense during his trial. Hagee was directing Wair to initiate and conduct narcotics transactions

and report to him once the transactions were complete. The public authority defense allows Wair

to seek exoneration based on the fact that he reasonably relies on the authority of a government

official to engage him in a covert activity. See, *United States v. Fulcher*, 250 F.3d 244, 253 (4th

Cir. 2001).

Counsel never realized that although Wair was under the impression that he was still

working as an informant for Hagee and Lettau, neither of them had the *authority* to direct Wair

to initiate a drug transaction, even if for cooperation purposes. Hagee had the authority to permit

controlled purchases by a Wair only under "very strict circumstances." In essence, trial counsel

failed to realize that not only did Hagee not have the authority to permit Wair to conduct

controlled purchases as per his cooperation agreement, but even if he directed Wair to conduct

the illegal transactions, (which he did), the fact that he *did not have the authority* to direct the

transactions, the Public Authority defense could not apply. All that was required was a review of

the cooperation agreement and the defense of the case would have been disseminated.

13

The defense of public authority requires reasonable reliance upon the *actual authority* of a government official to engage him in a covert activity. See, *United States v. Pitt*, 193 F.3d 751, 758 (3d Cir. 1999) (stating that the public authority defense is limited "to those situations where the government agent, in fact, *had the authority to empower the defendant to perform the acts* in question"); *United States v. Matta Ballesteros*, 71 F.3d 754, 770 n.12 (9th Cir. 1995) (stating that where "a CIA agent could not lawfully authorize the violation of the federal drug laws," the defense of public authority was not available); *United States v. Holmquist,* 36 F.3d 154, 161 nn.6-7 (1st Cir. 1994) ("The nonexistent defense of apparent public authority . . . must not be confused with the potentially viable defense of actual public authority which may come into play when a defendant undertakes certain acts, reasonably relying on the statements of a government agent cloaked with actual authority."); *Baptista-Rodriguez,* 17 F.3d at 1368 n.18 ("If the agent had no such power, then the defendant may not rest on the 'public authority'; reliance on the apparent authority of a government official is not a defense in this circuit, because it is deemed a mistake of law, which generally does not excuse criminal conduct.").

A review of the confidential agreement that Wair executed, would have revealed that Hagee could not direct, although he did, Wair to conduct the drug transactions. A review of the confidential informant agreement would have disclosed that the Public Authority trial defense would have never been allowed to proceed to the jury. Had counsel told Wair that the Public Authority defense *could not* be presented, Wair would have avoided a trial, pled guilty and would have accepted responsibility, thus mitigating his sentence even further. (See Sworn affidavit of Wair) Although the government requested a sentence of 180 months, substantially lower than the recommended guideline range, the sentence would have been mitigated even further based on Wair's acceptance of responsibility. All that was required by counsel was a

14

reading of the case law regarding the matter and a review of the cooperation agreement between Hagee and Wair.

In this case, the defense presented was based on counsel's failure to prepare and research the case law on the matter. Although Hagee directed Wair on several occasions to conduct drug transactions for prosecution, it was not until the Public Authority argument was considered for the trial, that it was evident that Hagee lacked that authority all along. Based on the clear wording of this circuit's case law, that efense could not have been presented during trial via that angle. In essence, counsel's failure to advise Wair on the fact that his only avenue of defense would not be accepted, caused Wair to proceed to trial with a meritless defense. As such, this court must agree that Wair has pled an actual allegation of ineffective assistance requiring the granting of an evidentiary hearing.

## II. COUNSEL RENDERED INEFFECTIVE ASSISTANCE WHEN HE FAILED TO ADVISE WAIR THAT BY PLEADING GUILTY HE COULD HAVE MITIGATED HIS TERM OF INCARCERATION.

In preparation for trial, Wair discussed with counsel the preparation for trial and the defense that he could present based on his agreement with Hagee. Although this is Wair's first arrest in Federal Court, there was no explanation of the guidelines and the acceptance of responsibility section and how, by pleading guilty, regardless of the trial defense, would have mitigated his overall term of incarceration by reducing this guideline by 3-levels.

In order to prevail on [an ineffective counsel argument], the defendant must show that his attorney made 'errors so serious that counsel was not functioning as the counsel guaranteed ... by the Sixth Amendment' and that 'counsel's' errors were prejudicial; that is, 'so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.' *Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064. The court pointed out that because of the distorting effect of hindsight, a reviewing court

15

must exercise care in determining whether counsel's actions fall below an objective standard of reasonableness. Wair has a right to competent counsel during the critical stages of the criminal process. *See Caruso v. Zelinsky*, 689 F.2d 435 (3rd Cir. 1982). Moreover, petitioner "has the right to make a reasonably informed decision whether to accept a plea offer." *United States v. Day,* 969 F.2d 39, 43 (3rd Cir.1992) (*citing Hill v. Lockhart*, 474 U.S. 52, 56-57, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)). Counsel's incomplet advice violated Wair's Sixth Amendment right to counsel. *See McMann v. Richardson*, 397 U.S. 759, 771, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970).

As an analogy, in *United States v. McCoy*, 215 F.3d 102 (D.C. Cir. 2000) counsel advised his client of an incorrect application of the Sentencing Guidelines. On appeal, *McCoy* argued that his plea was unconstitutional because it was based on ineffective assistance of counsel. The District of Colombia agreed; it found that *McCoy's* guilty plea had not been knowingly and voluntarily made. *Id.* Following this same analogy, Wair provides that his decision to proceed to trial was based on his attorney's lack of advice of the application of the acceptance of responsibility portion of the sentencing guidelines. (*See* Sworn Affidavit, Mario Wair)

The *McCoy* Court noted that "[W]hile, not every error made in calculating an applying the guidelines would constitute deficient performance under *Strickland,* the Court emphasized that 'familiarity with the structure and basic content of the Guidelines, had become a necessity for counsel who seek to give effective representation.'" *Id.* at 508 The Court further found that the prejudice prong of *Strickland* test was satisfied, in that the difference between the sentencing ranges was so significant that there was a reasonable probability that if *McCoy* had been given correct information he would not have entered a guilty plea. *Id.*[12]  Counsel's failure to familiarize

---

[12] Although Petitioner proceeded to trial based on his counsel's misinformation of the relevant conduct portions of the Sentencing Guidelines, the same analogy as that presented by the *McCoy*

himself with the relevant portions of the Sentencing Guidelines causes his actions to fall below a reasonable standard of performance because a "[c]riminal defense attorneys practicing in the federal courts are expected to keep abreast of issues that affect his client's case." *Id. United State v. Loughery*, 908 F.2d 1014 (D.C. Cir. 1990)

In Wair's cause, he must only show that there is a "reasonable probability" that the results of his decision to proceed to trial would have been different, *Id. Williams v. Taylor*, 529 U.S. 362, 386, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000) and based on the difference in sentencing guideline ranges, there could be no doubt that a different outcome is evident. (*See* Appendix - A Sworn Affidavit) Based on the record and the files before this Court, there is a reasonable probability that counsel's actions have reached a level of ineffectiveness as enumerated in *Strickland*.

Furthermore, there could be no strategic reason why counsel can justify his failure to explain the implications of the guidelines acceptance of responsibility to Wair. *See United States v. Acklen*, 47 F.3d 739, 743-44 (5th Cir. 1995) (remanding for an evidentiary hearing where there was nothing in the record to indicate counsel's failures were attributable to strategic choice among all plausible alternatives available for defense); *United States v. Dawson*, 857 F.2d 923, 929 (3rd Cir. 1988)(absent evidence in the record, "this court will not speculate on trial counsel's motives"); *Nichols v. United States,* 75 F.3d 1137 (7th Cir. 1996) (same).

Accordingly, Wair respectfully prays this Honorable Court determine that counsel's actions have reached the level of ineffectiveness and remand for an evidentiary hearing on the merits raised herein.

---

Court can be reached in Petitioner's case. Had it not been for the misinformation received by hais trial attorney, Petitioner would have accepted a plea of guilt.

III. THE CUMULATIVE IMPACT OF TRIAL COUNSELS ERRORS ADDRESSED HEREIN
REQUIRE AN EVIDENTIARY HEARING

Wair contends that each of the errors addressed herein was sufficiently prejudicial to require

a reversal of her sentence.  However, should the court disagree, then the cumulative effect of

these errors deprived Wair of fair and just assistance of counsel.  "Individual errors, insufficient

in themselves to necessitate a new trial, may in the aggregate have a more debilitating effect ...

so as to deny due process." *United States v. Fernandez,* 145 F.3d 59, 66 (1st Cir. 1998) *See, e.g.,*

*United States v Hands,* 184 F.3d 1322, 1334 (11th Cir. 1999); *United States v. Munoz,* 150 F.3d

401, 418 (5th Cir. 1998), *cert. denied,* 525 U.S. 1112 (1999).  The errors here were many, they

were all interrelated and their cumulative impact was devastating to Wair's right to due process

and a clear violation of her Sixth Amendment right to effective assistance of counsel.

Wherefore, Mario Wair respectfully prays this Honorable Court vacate his conviction

sentence due to the cumulative effects of counsel's errors.  In the alternate, Wair requests that an

evidentiary hearing be granted to allow him and opportunity to address the facts of the issues

raised and further develop the record.

IV. AN EVIDENTIARY HEARING IS NECESSARY AND WOULD BE USEFUL TO THE
COURT

Title 28, United States Code, Section 2255 provides that a prisoner in custody under

sentence of a court established by Act of Congress claiming the right to be released or for

reduction of sentence may move the court which imposed the sentence to vacate, set aside or

correct the sentence. This section also provides as follows:

"Unless the motion and the files and records of the case conclusively show   that the prisoner
is entitled to no relief, the court shall cause notice thereof to be served upon the United
States attorney, grant a prompt hearing thereon, determine the issues and make findings of
fact and conclusions of law with respect thereto." *Id.* Title 28 U.S.C. § 2255

18

In the instant case as set forth in the Statement of Claim of the § 2255 motion, and the foregoing arguments, Wair has pleaded, presented evidence, and argued the applicable law to demonstrate that his conviction and/or sentence is violative of his Sixth Amendment right to effective assistance of counsel in the pre-trial process. Wair has also pleaded, presented evidence, and argued the applicable law to demonstrate that his conviction and/or sentence is violative of his Sixth Amendment right to effective representation by counsel in the sentencing and appellate phases.

While many of the allegations are already well established by the files and records of this case, many of the material allegations concern events which took place outside the courtroom and are not, therefore, part of the "files and records". These allegations require an evidentiary hearing under well settled law. *United States v. Blaylock*, 20 F.3d 1458, 1465 (9th Cir. 1994) (evidentiary hearing required unless § 2255 motion, files, and trial record "conclusively show" petitioner entitled to no relief); *Virgin Islands v. Weatherwax*, 20 F.3d 572, 573 (3rd Cir. 1994)(petitioner entitled to evidentiary hearing on ineffective assistance of counsel claim where facts viewed in light most favorable to petitioner would entitle him to relief*); Stoia v. United States*, 22 F.3d 766, 768 (7th Cir. 1994) (same); *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir 1994) (same); *Nichols v. United States*, 75 F.3d 1137, 1145-46 (7th Cir. 1996) (petitioner entitled to evidentiary hearing on claim of ineffective assistance of counsel when record inconclusive on issue); *United States v. Witherspoon*, 231 F.3d 923 (7th Cir. 2000).

Based on all of the foregoing, Wair respectfully requests this Honorable Court to ORDER an evidentiary hearing where he can prove his case.

## CONCLUSION

WHEREFORE MOVANT Wair respectfully asks this Honorable Court to: (A) ORDER

an evidentiary hearing as set forth in his § 2255 motion; and, upon proof of his allegations

herein, ORDER that Wair's conviction be VACATED.

Done this ____, day of March 2018

I hereby do certify that pursuant to Penalty of
Perjury Title 28 U.S.C. § 1746 that on this ____ day
of March 2018 I signed and mailed this document
via the Federal Bureau of Prisons' Legal Mail
System.

Respectfully submitted,

Mario Lamar Wair
Register Number: 58050-037
FCI Danbury
Route 37
Danbury, CT 06811

## AFFIDAVIT

COMES NOW, Mario L. Wair under penalty of perjury, Title 28 U.S.C. 1746, with this sworn affidavit in support of his Title 28 U.S.C. § 2255 and provides as follows:

1.      My name is Mario L. Wair and I am the petitioner in this cause.

2.      In preparation for trial, I consulted with my attorney Harry D. McKnett who advised me that the strategy for trial was the Public Authority Defense.

3.      Had I known that Agents Hagee and Lettau, never had the authority to direct me to the controlled buys, thus, I could not have used the Public Authority Defense, I would have never proceeded to trial and would have pled guilty and mitigated my overall term of incarceration.

4.      The only reason I proceeded with the Public Authority Defense was because Mr. McKnett advised me that I could use it during my trial.

5.      Furthermore, I was never advised that I could mitigate my overall term of incarceration by pleading guilty and benefiting from the guidelines acceptance of responsibility.

6.      Mr. McKnett never advised me the implications of the guidelines and how to mitigate my overall sentence by pleading guilty.

7.      Had Mr. McKnett advised me that Agents Hagee and Lettau did not have the authority to direct me to the controlled buys, thus, I could not have used the Public Authority Defense and that I could have mitigated my sentence by pleading guilty and accepting responsibility, I would have never proceeded to trial.

8.    Had I been explained that my only defense was not available, I would have never proceeded to trial.

9.    The only reason I proceeded to trial was on the Public Authority Defense which was not applicable to my case.

Done this ⟨9⟩, day March 2018.

Mario Lamar Wair
Register Number: 58050-037
FCI Danbury
Route 37
Danbury, CT 06811